UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALAN J. ROSS and RUTH ROSS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 21-10157-LTS |
| DEUTSCHE BANK NATIONAL TRUST COMPANY et al., | ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON PLAINTIFFS' RENEWED MOTION FOR TEMPORARY
RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION (DOC. NO. 11)

February 11, 2021

SOROKIN, J.

This is the third federal lawsuit brought by Plaintiffs Alan J. Ross and Ruth Ross regarding the foreclosure of a mortgage loan on their former home.  In 2005, Deutsche Bank National Trust Company acquired the mortgage to the Rosses' property.  In 2013, the Rosses entered into a Settlement Agreement with the Bank which provided that the Rosses would continue to live in the home for eighteen more months after which foreclosure would proceed. See Doc. No. 1-1.  The Settlement Agreement also specified the disposition of the proceeds of the foreclosure sale and prohibited the Rosses from attempting to interfere with the foreclosure sale in the future, waiving many of their legal rights.  The Rosses moved out of the home after eighteen months as agreed.  In 2019, the Rosses sued the Bank and others, seeking to prevent a pending foreclosure.  They claimed, among other things, that the Bank had breached the Settlement Agreement.  The Court dismissed their Complaint in response to a motion filed under

Federal Rule of Civil Procedure 12(b)(6).  Ross v. Deutsche Bank Nat'l Co., Civil No. 19-10798-LTS, 2019 WL 4675034 (D. Mass. Sept. 24, 2019).  On de novo review, the United States Court of Appeals for the First Circuit affirmed the dismissal.  Ross v. Deutsche Bank Nat'l Co., No. 19-2197, 2020 WL 6817807 (1st Cir. Oct. 29, 2020).  Now, the Rosses have filed a new, virtually identical lawsuit against the Bank and others, and have moved to enjoin the looming foreclosure sale.  Their motion for injunctive relief is ripe for disposition.  Doc. Nos. 11, 3, 19, & 8.

Applying the familiar four-part criteria governing the issuance of injunctions, see Esso Standard Oil Co. (P.R.) v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006), the motion is DENIED for two reasons.  First, the Rosses have failed to demonstrate irreparable harm.  They long ago vacated the property.  At most, at this point, their interests are monetary.  This alone requires denial of the motion.  See Gonzalez-Droz v. Gonzalez-Colon, 573 F.3d 75, 79 (1st Cir. 2009) (explaining "irreparable harm [generally] constitutes a necessary threshold showing" for injunctive relief).  Second, principles of claim preclusion apply.  The dismissal in the prior case was a judgment on the merits.  Salvati v. Fireman's Fund Ins. Co., 368 F. Supp. 3d 85, 91 (D. Mass. 2019) ("Dismissals under Rule 12(b)(6) . . . are considered final judgments on the merits . . . ." (internal quotation marks and citation omitted)).  The parties are the same.[1]  And the claims are the same, in so far as they relate to the Bank's right to complete foreclosure.  Compare Doc. No. 1 with Doc. No. 1, Ross, Civil No. 19-10798-LTS.  The Court has already ruled that the

---

[1] Defendant Carrington Mortgage Services, LLC was not named in the 2019 litigation but was and remains in privity with Defendant Deutsche Bank National Trust Company, which was. See R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 187 (1st Cir. 2006) ("Typically, a mortgage servicer acts as the agent of the mortgagee to effect collection of payments on the mortgage loan. Thus, it will be a rare case in which those two parties are not perfectly identical with respect to successive suits arising out of a single mortgage transaction.")

Bank has the right to foreclose. The fact the Bank now seeks to do so does not take this suit beyond the reach of the principles of res judicata. The claims and theories the Rosses advance regarding the Bank's authority to proceed with the sale were or could have been raised in the prior litigation. Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010) (explaining claim preclusion "bars parties from relitigating claims that could have been made in an earlier suit, not just claims that were actually made"). Accordingly, they are barred.[2]

For the foregoing reasons, the Motion for Injunctive Relief (Doc. No. 11) is DENIED. The Motion to Expedite a Stay and for Leave to File a Reply (Doc. No. 20) is DENIED AS MOOT. The Rosses shall show cause within fourteen days why this case should not be dismissed as barred by the principles of res judicata.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[2] The prior judgement was issued by this Court under its diversity jurisdiction. "The Massachusetts [res judicata] standard is essentially the same . . . as that dictated by federal law." Mulrain v. Board of Selectmen of Town of Leiscester, 944 F.2d 23, 25 (1st Cir.1991). Thus, the Court need not parse which law governs for both yield the same outcome.